IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00418-CV

 

Dennis Powell,

                                                                      Appellant

 v.

 

Leon Clements, John Allen, 

Glenda Adams and Ernestine Julye,

                                                                      Appellees

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 23107

 



ORDER ASSIGNING MEDIATOR










 

            On July 19, 2006, this case was abated and
referred to mediation.

         The Court has not been advised that the
parties have agreed upon a mediator.  Therefore, the Court assigns R.D. “Spike”
Pattillo, III as mediator for this case.  The telephone number for Mr. Pattillo
is (254) 741-6410.  Mediation must occur within thirty days after the date of
the order assigning a mediator.

          Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

          Named parties must be present during
the entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

          Immediately after mediation, the
mediator must advise this Court, in writing, only that the cases did or did not
settle and the amount of the mediator’s fee.  The mediator’s fees will be taxed
as costs.  As previously required by the Order abating this case and referring
it to mediation, unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with Appellees, and Appellees must pay
the agreed-upon fee directly to the mediator.

         Failure or refusal to attend the
mediation as scheduled may result in the imposition of sanctions, as permitted
by law.  

 

                                                                   PER
CURIAM

Before
Chief Justice Gray,

          Justice
Vance, and

          Justice
Reyna

Mediator
assigned

Order
issued and filed November 22, 2006

Do
not publish






ered and Bonner made no additional objection.
      Limiting the purposes for which the response could be considered brought the response
outside the definition of hearsay—an out of court statement offered in court to prove the truth of
the matter asserted. Under these circumstances the trial court did not err in admitting the
evidence. The next question in the record—Did she later make a conflicting statement?—appears
to reveal the State’s purpose for asking the question. It appears the State intended to impeach the
credibility of Dee Anna by evidence that she had made inconsistent statements to CPS about the
extent of her knowledge of the sexual abuse of the victims by Bonner.
      Finally, the bold statement made by the majority that Dee Anna’s statements would be
inadmissible under any of the hearsay exceptions in Rules 803 and 804 is not only inaccurate, but
more importantly is beyond the scope of the issues presented to us. Tex. R. Evid. 803, 804. Rule
803(24) is an example of an exception that would be applicable. Tex. R. Evid. 803 (24). If Dee
Anna’s statement on the day of Bonner’s arrest indicated that she had cause to believe either child
had been abused, she could have been prosecuted for a Class B misdemeanor for the failure to
report the abuse. Tex. Fam. Code. 261.101, 261.109. Thus, the statement would have been
admissible as a statement against interest. Tex. R. Evid. 803 (24).
      With these comments regarding this narrow issue, I concur in the majority opinion.



                                                                               TOM GRAY
                                                                               Justice

Concurring opinion delivered and filed on August 15, 2001
Do not publish